UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEVIN ALLRED,

                                  Plaintiff,

              -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") CHRISTOPHER LEVINE,
P.O. PHILIP KARA, and Sergeant NOVAIDUL
NEON, in their individual capacities,

                                Defendants.
------------------------------------------------------------------x

**COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Index No.  19 Civ. 1480

Plaintiff Kevin Allred, through his attorney Gillian Cassell-Stiga of Beldock Levine & Hoffman, LLP, as and for his complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Kevin Allred's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him in his own apartment.  By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, Plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3)-(4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff Kevin Allred ("Professor Allred") is and was at all times relevant to this action, a resident of Kings County in the State of New York. Professor Allred was, at the time of the conduct alleged herein, an adjunct professor at Rutgers University in New Jersey.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department Officer ("P.O.") Christopher Levine, P.O. Philip Kara, and Sergeant ("Sgt.") Novaidul Neon (referred to collectively as the "Individual Defendants") are and were at all times relevant herein, officers, employees, and agents of the NYPD.

10. The Individual Defendants are being sued in their individual capacities.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The Individual Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Plaintiff's rights.

13. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. At all times relevant herein, Professor Allred was an adjunct professor in both the Women's and Gender Studies Department and the American Studies Department at Rutgers University.

15. Professor Allred taught a very popular course titled "Politicizing Beyoncé," which examined the artist's work through the lens of race, class, and gender. Professor Allred also contributed to established news media, examining popular culture with a similar perspective.

16. On November 15, 2016, at approximately 9:00 p.m., P.O. Christopher Levine, P.O. Philip Kara, and Sgt. Novaidul Neon, unlawfully entered Professor Allred's home, without a warrant or exigent circumstances, on Franklin Street in Kings County in the State of New York.

17. Professor Allred was in his apartment with his partner, when Professor Allred heard the door buzzer.

18. Professor Allred's partner answered the door to discover NYPD Officers.

19. The Individual Defendants entered Professor Allred's apartment without permission or a warrant.

20. The Individual Defendants informed Professor Allred that they had been sent information from the Rutgers University Police Department concerning a complaint received by Rutgers from a student's parent.

21. The student's parent allegedly reported to Rutgers that Plaintiff made negative or disturbing comments while teaching the student, the day after the presidential victory of Donald Trump.

22. Professor Allred informed the Individual Defendants that he had discussed flag burning during his class and that he had no intent to commit violence against anyone.

23. The Individual Defendants entered the apartment, looked around, and confirmed that no one was armed or intending violence.

24. The Individual Defendants informed Professor Allred that he nonetheless had to go with them.

25. Although Professor Allred posed no physical threat at any time, and without probable cause for his arrest, Professor Allred was forcibly taken to a hospital to undergo a psychiatric evaluation against his will.

26. Professor Allred was finally released a few hours later after the hospital medical staff reiterated that there had been no objective basis for the examination of Plaintiff nor the forcible removal of Plaintiff from his apartment.

27. The Individual Defendants' actions were unlawful and violated Professor Allred's constitutional rights.

28. In fact, the Civilian Complaint Review Board investigated the unlawful seizure of Professor Allred and substantiated the allegation that defendant Sgt. Neon had forcibly removed Professor Allred to a hospital unlawfully.

29. As a result of the unlawful entry and arrest, Professor Allred experienced pain, suffering, and extreme mental anguish.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(*Against the Individual Defendants*)

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. Defendants, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unlawful entry into Plaintiff's home, without consent, without a warrant, and without probable cause or exigent circumstances; (b) freedom from unreasonable seizure of Plaintiff's person; (c) freedom from unlawful search of his person and home; (d) freedom from arrest without probable cause; (e) freedom from false imprisonment; (f) freedom from the use of excessive force against his person; and (g) failure to intervene to prevent the complained of conduct.

32. Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
(*Against defendant the City of New York*)

33. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

   a. NYPD officers routinely conduct arrests in private residences without a warrant or verifying an exception to the warrant requirement, and despite a lack of probable cause;

   b. NYPD officers routinely enter homes in the absence of a warrant or exigent circumstances, and in the absence of any corroborating information or investigation, seize and forcibly transport individuals encountered in private residences to hospitals for psychiatric evaluation in violation of their constitutional rights;

   c. NYPD officers routinely utilize "I-Cards" (information cards) containing hearsay allegations of criminal activity or safety concerns, in the place of lawfully procured warrants, to unlawfully enter private residences and conduct arrests therein despite a lack of urgency or information to support an exception to the warrant requirement;

   d. Defendant City failed to properly train NYPD officers as to the permissible bounds of the Fourth Amendment, the warrant requirement for entry into a private residence, and the limited exceptions to the warrant requirement;

   e. NYPD officers routinely receive prank calls with false or hearsay allegations from disgruntled individuals seeking to utilize the NYPD as a weapon in personal vendettas, and yet Defendant City does not train NYPD officers as to:

6

      i. The necessary steps that must be taken to properly confirm probable cause to support entry, obtain a warrant, or lawfully arrest;

      ii. The common indicia of such false allegations concerning conditions in private residences;

      iii. The indicia of emergency and/or exigent circumstances warranting a departure from the warrant requirement;

      iv. How to conduct an investigation to lawfully support entry into a private residence or further investigation and action therein, including the additional information needed to support entry or seizure of a subject in a private residence without a warrant;

      v. The permissible bound of force to be utilized when entering a private residence without a warrant and for the limited purpose of investigating an emergency and to conduct a wellness check of the subject individual;

f. It is also a custom, policy, and/or practice of the City to conduct inadequate screening in the hiring of police officers for their propensity for violence, and to retain those officers despite repeated excessive force incidents and violations of constitutional rights.

g. Despite a pervasive and well-documented practice of entering private residences and arresting the lawful residents without a warrant or probable cause, Defendant City failed to train, supervise, and discipline its officers in regards to violations of the warrant requirement;

35. That defendant City deliberately disregarded a pervasive custom and practice amounting to institutional policy giving rise to the constitutional violations alleged herein is further

supported by a Civilian Complaint Review board report titled "Crossing the Threshold: An Evaluation of Civilian Complaints of Improper Entries and Searches by the NYPD from January 2010 to October 2015."[1]

36. Despite the well documented nature of the unconstitutional policies and practices, defendant City has allowed the same to continue, directly causing the violation of Plaintiff's rights, in addition to many others.

37. Here, the Individual Defendants unlawfully entered Plaintiff's apartment, searched, and seized Plaintiff, based on un-corroborated hearsay allegations, conduct arising falling within and arising directly from defendant City's unconstitutional policies and practices.

38. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the Individual Defendants and failed to inform the Individual Defendant's supervisors of their need to train, screen, supervise or discipline the Individual Defendants.

39. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

40. As a result of the foregoing, Plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

---

[1] "Crossing the Threshold: An Evaluation of Civilian Complaints of Improper Entries and Searches by the NYPD from January 2010 to October 2015," Bill De Blasio, Richard D. Emery, Mina Q. Malik, New York City Civilian Complaint Review Board, 2015.

## JURY DEMAND

40. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, Plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the Individual Defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
March 14, 2019

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN LLP

By: _____
Gillian Cassell-Stiga
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: 212-277-5824
e: gcassell@blhny.com
*Attorneys for the Plaintiff*