UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

KEVIN ALLRED,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, ET AL.,

                      Defendants.

------------------------------------------------------------ X

19-cv-01480 (FB) (RER)

ANSWER

JURY TRIAL DEMANDED

        Defendants City of New York, Police Officer Christopher Levine, Police Officer Philip Kara, and Sergeant Novaidul Neon, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated March 14, 2019 (the "complaint"), respectfully:

    1.    Deny the allegations in paragraph "1" of the complaint, except admit that plaintiff has commenced an action as stated therein.

    2.    Deny the allegations in paragraph "2" of the complaint.

    3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

    4.    Deny the allegations in paragraph "4" of the complaint, except admit that plaintiff has commenced an action and purports to invoke the Court's jurisdiction as stated therein.

    5.    Deny the allegations in paragraph "5" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

    6.    Deny the allegations in paragraph "6" of the complaint.

    7.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "7" of the complaint.

8. Deny the allegations in paragraph "8" of the complaint, except admit that the City is, and was on November 15, 2016, a municipal corporation incorporated under the laws of the State of New York, and that the City maintains a police department, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD and states that the allegations regarding the City's responsibilities and assumptions of risk are legal conclusions that do not require a response.

9. Deny the allegations in paragraph "9" of the complaint, except admit that on November 15, 2016, Levine, Kara, and Neon were employed by the City as police officers.

10. State that the allegations in paragraph "10" of the complaint do not contain any statements of fact which require a response.

11. Deny the allegations in paragraph "11" of the complaint, except admit that Levine, Kara, and Neon were on duty and in uniform, and state that the allegations regarding the course and scope of their employment are legal conclusions and therefore no responsive pleading is required.

12. Deny the allegations in paragraph "12" of the complaint.

13. Deny the allegations in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Deny the allegations in paragraph "16" of the complaint, except admit that on November 15, 2016, Levine, Kara, and Neon entered a residence on Franklin Street in Kings County in the State of New York and did not possess a warrant.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the complaint, except admit that NYPD officers arrived at the door of a residence.

19. Deny the allegations in paragraph "19" of the complaint.

20. Admit the allegations in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the complaint.

22. Admit the allegations in paragraph "22" of the complaint.

23. Admit the allegations in paragraph "23" of the complaint.

24. Admit the allegations in paragraph "24" of the complaint.

25. Deny the allegations in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the complaint.

27. Deny the allegations in paragraph "27" of the complaint.

28. Deny the allegations in paragraph "28" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the Civilian Complaint Review Board's investigation of the subject incident and respectfully refer to the particulars of that investigation for the details thereof.

29. Deny the allegations in paragraph "29" of the complaint.

30. In response to the allegations in paragraph "30" of the complaint, defendants repeat the responses in the previous paragraphs.

31. Deny the allegations in paragraph "31" of the complaint.

32. Deny the allegations in paragraph "32" of the complaint.

33. In response to the allegations in paragraph "33" of the complaint, defendants repeat the responses in the previous paragraphs.

34. Deny the allegations in paragraph "34" of the complaint and all of its subparts.

35. Deny the allegations in paragraph "35" of the complaint and respectfully refer to the report referred to therein for the details thereof.

36. Deny the allegations in paragraph "36" of the complaint.

37. Deny the allegations in paragraph "37" of the complaint.

38. Deny the allegations in paragraph "38" of the complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. Deny the allegations in the first paragraph numbered "40" of the complaint.

41. State that the second paragraph numbered "40" of the complaint is a demand for a jury trial, and therefore responsive pleading is not required.

### FIRST AFFIRMATIVE DEFENSE

42. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

43. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties and was not the

proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE:

46. Plaintiff provoked or was at fault for any alleged incident.

## SIXTH AFFIRMATIVE DEFENSE

47. The individual defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

48. There was probable cause to arrest plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE:

49. Plaintiff's seizure was privileged under the Mental Hygiene Law.

## NINTH AFFIRMATIVE DEFENSE

50. The individual defendants' entry into the subject dwelling was privileged.

WHEREFORE, defendants The City of New York, Police Officer Christopher Levine, Police Officer Philip Kara, and Sergeant Novaidul Neon demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         June 6, 2019

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2372
kkelly@law.nyc.gov

By: _____
    KEVIN J. KELLY